**KOLLER LAW LLC**
David M. Koller, Esq. (Pa 90119)
Jordan D. Santo, Esq. (Pa 320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NYEMA ARNOLD,**<br>**Plaintiff,**<br><br>**v.**<br><br>**ALBERT EINSTEIN MEDICAL CENTER d/b/a JEFFERSON EINSTEIN HOSPITAL,**<br>**Defendant.** | : | **Civil Action No.**<br><br>**Complaint and Jury Demand** |

**CIVIL ACTION**

Plaintiff, Nyema Arnold (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Defendant Albert Einstein Medical Center d/b/a Jefferson Einstein Hospital (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, the Pennsylvania Human Relations Act ("PHRA"), the Philadelphia Fair Practices Ordinance ("PFPO"), and Section 1981 of the Civil Rights Act. In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Elkins Park, PA.
3. Upon information and belief, Defendant Albert Einstein Medical Center d/b/a Jefferson

Einstein Hospital is a medical center with a location and corporate headquarters at 5501 Old York Road, Philadelphia, PA 19141.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state and/or local law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of

Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII, the PHRA, and the PFPO.
13. On or about August 14, 2025, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.
14. The Charge was assigned a Charge Number 530-2025-08971.
15. Plaintiff requested the Charge be dual-filed with the Philadelphia Commission on Human Relations ("Phila.CHR") and requested that the PCHR also file Plaintiff's Charge with the Pennsylvania Human Relations Commission ("PHRC").
16. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 15, 2026.
17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
18. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and more than one (1) year after

filing her Charge but within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA and PFPO claims.

19. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

20. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
21. Plaintiff is African American and non-Hispanic.
22. In or around August 2022, Defendant hired Plaintiff in the position of Certified Medical Assistant.
23. Plaintiff was well qualified for her position and performed well.

## A NEW PRACTICE MANAGER CAME TO THE PALEY OB/GYN DEPARTMENT

24. In or around February 2025, Brenda Martinez (Puerto Rican/Hispanic), Practice Manager, came to the Paley OB/GYN department.
25. Martinez had never worked in the Paley OB/GYN department previously and she informed the Medical Assistants that she wanted to support the Medical Assistants.

## MARTINEZ SUBJECTED PLAINTIFF TO DISPARATE TREATMENT

26. Contrary to Martinez's stated intent, in or around early March 2025, Martinez began to be aggressive and hostile towards Plaintiff in a manner she was not to Plaintiff's non-African American peers.
27. Martinez started to invent stories that doctors made complaints about Plaintiff.
28. These alleged complaints were categorically false.
29. Plaintiff confirmed with the doctors allegedly making the complaints that they had made no complaints about Plaintiff.

30. Martinez also claimed that Plaintiff was not approachable and had a mean face when Plaintiff was working on her computer at the time.
31. Martinez nitpicked Plaintiff's work product and continuously made comments about Plaintiff being angry, perpetuating the stereotype that Plaintiff was the angry Black woman.
32. Martinez's comments include, but are not limited to, "I don't know who raised you", "you have a nasty attitude", and calling Plaintiff "aggressive", or words to that effect.
33. Plaintiff asked Martinez to not assassinate her character by making her seem to be like the angry Black woman stereotype.
34. Martinez appeared to be very focused on race and kept asking one of Plaintiff's coworkers who is half Puerto Rican and darker skinned if she was Puerto Rican.

**MARTINEZ REPLACED THE LEAD MEDICAL ASSISTANT**

35. Approximately two (2) weeks after Mydia Martin, Lead Medical Assistant, clashed with Martinez, Martin was transferred to another location.
36. Clarise Oates replaced Martin as the Lead Medical Assistant.
37. However, Oates did not have prior OB/GYN experience.

**MARTINEZ TOLD OATES FALSE INFORMATION ABOUT PLAINTIFF**

38. Martinez proceeded to sew distrust between Oates, Plaintiff and the other Medical Assistants, claiming that Oates should watch her back on the floor because Plaintiff and the other Medical Assistants had a bad attitude and wanted Oates's position.
39. This was false as Plaintiff had never applied for the Lead Medical Assistant position.

**OATES YELLED AT PLAINTIFF DUE TO THE FALSE INFORMATION MARTINEZ TOLD HER ABOUT PLAINTIFF**

40. Due to Martinez's actions, Oates cursed and yelled at Plaintiff when Plaintiff asked about the tally sheet Oates wanted to implement at the end of the day.

41. Plaintiff said she was not going to deal with it and left Martinez's office while Martinez told Oates to calm down.

42. The following day, Oates apologized to Plaintiff.

43. The next week, Oates again yelled at Plaintiff, this time allegedly due to a closet being a mess following Plaintiff's completion of an inventory.

44. Plaintiff complained to Martinez as cleaning the closet was not within her job duties.

45. Martinez told Plaintiff that Oates would take care of it because it was within her job duties.

46. Despite this, Oates sent Plaintiff home, started yelling at Plaintiff when she asked Oates a question.

47. Plaintiff asked Oates not to speak to her with that tone and that Martinez had told Plaintiff that Oates did not have the authority to send her home.

**PLAINTIFF COMPLAINED TO HUMAN RESOURCES ABOUT MARTINEZ'S RACE DISCRIMINATION**

48. Plaintiff complained to Marsha Savage, Human Resource Business Partner, because she believed that Martinez was treating her differently based on her race/ethnicity (Black, non-Hispanic).

49. Savage indicated that they would speak to Martinez.

50. Shortly afterwards, Savage followed up with Plaintiff and told her to contact them if there were any additional issues.

**<u>DEFENDANT SUSPENDED PLAINTIFF</u>**

51. On or about April 23, 2025, Martinez called Plaintiff and told her that she was suspended pending investigation.

**<u>DEFENDANT TERMINATED PLAINTIFF</u>**

52. A Zoom meeting was scheduled for on or about May 6, 2025, to discuss the investigation.
53. On May 6, 2025, Plaintiff attended the Zoom meeting with Martinez and Savage.
54. Martinez proceeded to terminate Plaintiff allegedly due to a lack of professionalism.
55. Martinez informed Plaintiff that she had been blamed for yelling in the office.
56. This allegation was false
57. Martinez also informed Plaintiff that a doctor had complained about Plaintiff, but the alleged incident complained of was a different Medical Assistant.
58. Plaintiff had not been previously disciplined for lack of professionalism.
59. Defendant treated Hispanic, non-African American Medical Assistants differently as some violated HIPAA and Defendant's HIPAA Policies but were not terminated despite the seriousness of the offense.
60. Defendant discriminated against Plaintiff due to her race/ethnicity (African American, non-Hispanic), and retaliated against Plaintiff for her engagement in protected activity in violation of Title VII, the PFPO, and Section 1981.
61. Defendants' acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily-protected rights.

**COUNT I – RACE/ETHNICITY DISCRIMINATION**
**<u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED</u>**

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff is a member of protected classes in that she is African American, non-Hispanic.

64. Plaintiff was qualified to perform the job for which she was hired.

65. Plaintiff suffered adverse job actions, including, but not limited to termination.

66. Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

67. Defendant discriminated against Plaintiff on the basis of race/ethnicity.

68. No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

69. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

70. Defendant's violation of Plaintiff's rights under Title VII was willful or done with reckless disregard to Plaintiff's statutorily-protected rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race/ethnicity (African American, non-Hispanic).

73. As a result of Defendant's unlawful race and/or color discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – RACE DISCRIMINATION**
**PHILADELHIA FAIR PRACTICES ORDINANCE**

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her race/ethnicity (African American, non-Hispanic).

76. As a result of Defendant's unlawful race and/or color discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RACE DISCRIMINATION**
**SECTION 1981**

77. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

78. Plaintiff is a member of protected classes in that she is African American.

79. Plaintiff was qualified to perform the job for which she was hired.

80. Plaintiff suffered adverse job actions, including, but not limited to termination.

81. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

82. Defendant discriminated against Plaintiff on the basis of her protected class.

83. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

84. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

85. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT V – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

86. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
87. Plaintiff engaged in protected activity protected by Title VII.
88. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
89. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.
90. Defendant willfully violated, or violated due to gross recklessness, Plaintiff's federal statutorily-protected rights.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

91. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
92. Plaintiff engaged in activity protected by the PHRA.
93. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.
94. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VII – RETALIATION**
**PHILADELPHIA FAIR PRACTICES ORDINANCE**

95. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

96. Plaintiff engaged in activity protected by the PFPO.

97. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

98. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT VIII – RETALIATION**
**SECTION 1981**

99. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

100. Plaintiff engaged in activity protected by Section 1981.

101. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

102. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Nyema Arnold, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued here under, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: November 4, 2026 **By:** ***/s/ David M. Koller, Esq.***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*